IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR478 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND A. ERKER, | ) | UNITED STATES' TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Bridget M. Brennan, United States Attorney, and Brian McDonough and Kathryn Andrachik, Assistant U.S. Attorneys, and submits the following trial brief regarding evidentiary questions and other legal issues reasonably anticipated to arise at trial. The United States reserves the right to supplement or amend it should circumstances so require.

**I.      Statement of Facts**

The 12-count Indictment charges Defendant Raymond A. Erker with one count of Conspiracy to Commit Mail Fraud and Wire Fraud, one count of Mail Fraud, three counts of Wire Fraud, six counts of Money Laundering, and one count of False Statement Under Oath. These counts are based on an alleged scheme wherein Erker defrauded investors in a Ponzi scheme.

Specifically, the United States alleges the following. From in or around January 2013 through in or around July 2018, Erker offered and sold investments in GenSource and Provident to at least 54 individual investors and obtained over $9.3 million from the scheme. Erker made false and fraudulent statements to convince the Investors to invest money into GenSource and Provident, claiming that they were purchasing annuities and senior secured notes in GenSource and Provident with no exposure to risk of loss and with guaranteed rates of return, when in fact, neither GenSource nor Provident were authorized to issue annuities, the notes issued by Provident were not secured by any real or personal assets, and the investor funds were misappropriated or invested in high-risk "start-up" companies, contrary to the business model needed to make required interest and principal payments to the Investors. Erker diverted the Investors' funds to other entities, his Erker's personal bank account, and to pay prior investors. Erker failed to disclose to the Investors their ownership interests in GenSource and Provident.

Erker operated their investment program as a "Ponzi scheme" by diverting new investors funds to payments due to old investors and falsely representing to Investors that the money comprising these alleged payments reflected bona fide returns or interest on investments, when in actuality, Erker knew that the funds used to make these purported payments had not come from profits of bona fide investments, but rather from the Defendants misappropriation of money from other investors.

Erker made a false statement under oath on or about the October 9, 2019, in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, in relation to a case under Title 7, In re: Raymond Adam Erker, Case No. 19-15448, by falsely testifying under oath in a proceeding before the case trustee at a Rule 341 hearing, a meeting of creditors, that he disclosed to the investors that he owned the companies the investors gave him money to invest

in, when in fact, and as Erker then knew, he did not disclose to the investors that he owned the companies the investors gave him money to invest in.

## II. Controlling Law

### A. Count 1: Conspiracy to Commit Wire Fraud

Count 1 charges Erker with Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349. Section 1349 provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

18 U.S.C. § 1349. To establish conspiracy to commit mail fraud and wire fraud, the Government must prove: (1) two or more persons conspired, or agreed, to commit the crime of Mail fraud and Wire Fraud, and (2) the defendant knowingly and voluntarily joined the conspiracy. Sixth Circuit Pattern Jury Instructions, 2016 Edition, Section 3.01A; *United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014).

### B. Count 2: Mail Fraud

Count 2 charges Erker with Mail Fraud, in violation of 18 U.S.C. § 1341. Section 1313 provides:

> Whoever, devised and intended to devise any scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, placed, and caused to be placed, in any depository for mail matter, any matter and thing to be sent and delivered by the Postal Service, and took and received from the Postal Service, any such matter and thing delivered by the Postal Service,

shall be guilty of a crime. 18 U.S.C. § 1341.

To establish Mail Fraud, the Government must prove: (1) the defendant knowingly participated in, devised, or intended to devise, a scheme to defraud in order to obtain money or

property, that is to defraud the Investors, and to obtain money and property from the Investors by means of false and fraudulent pretenses, representations and promises; (2) the scheme included a material representation or concealment of a material fact; (3) the defendant had the intent to defraud; and (4) that the defendant used the mail or caused another to use the mail in furtherance of the scheme. Sixth Circuit Pattern Criminal Jury Instructions, 2021 Edition, Section 10.02.

### C. Counts 3 to 5: Wire Fraud

Counts 3 to 5 charge Erker with Wire Fraud, in violation of 18 U.S.C. § 1343. Section 1343 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice,
>
> shall be guilty of a crime.

18 U.S.C. § 1343. To establish Wire Fraud, the Government must prove: (1) the defendant knowingly participated in, devised, or intended to devise, a scheme to defraud in order to obtain money or property, that is to defraud the Investors, and to obtain money and property from the Investors by means of false and fraudulent pretenses, representations and promises; (2) the scheme included a material representation or concealment of a material fact; (3) the defendant had the intent to defraud; and (4) the defendant used wire, radio, or television communications in interstate commerce in furtherance of the scheme. Sixth Circuit Pattern Criminal Jury Instructions, 2021 Edition, Section 10.02.

### D. Counts 6-11: Money Laundering

Counts 6 to 11 charge Erker with Money Laundering, in violation of Title 18, United States Code, § 1957. Section 1957 provides:

4

> Whoever, in the United States, knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity,
>
> shall be punished as provided in subsection (b). 18 U.S.C. § 1957.

To establish Money Laundering, the Government must prove: (1) the defendant knowingly engaged or attempted to engage in a monetary transaction; (2) the monetary transaction was in property derived from specified unlawful activity; (3) the property had a value greater than $10,000; (4) the defendant knew that the transaction was in criminally derived property; and (5) the monetary transaction took place within the United States. Sixth Circuit Pattern Criminal Jury Instructions, 2017 Edition, Updated as of July 1, 2019, Section 11.06.

### E. Counts 12: False Statement Under Oath

Count 12 charges Erker with False Statement Under Oath, in violation of Title 18, United States Code, § 52(2). Section 152(2) provides:

> A person who knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11,
>
> shall be fined under this title and imprisoned…. 18 U.S.C. § 152(2).

To establish False Statement Under Oath, the Government must prove: (1) there was a bankruptcy proceeding; (2) the defendant made an oath; account; declaration; certification; verification; or statement under penalty of perjury in relation to the bankruptcy proceeding; (3) the oath; account; declaration; certification; verification; or statement under penalty of perjury related to some material matter; (4) the oath; account; declaration; certification; verification; statement under penalty of perjury was false; and (5) the defendant made the oath; account; declaration; certification; verification; or statement under penalty of perjury, knowingly and with the intent to deceive any creditor; the trustee; or the bankruptcy judge. Seventh Circuit Pattern Criminal Jury Instructions, Section 152(2)&(3) 2020 Edition.

### III. Anticipated Evidentiary Issues

#### A. The Court Should Preclude the Defendant Raymond A. Erker from Asserting an Advice of Counsel Defense.

Yesterday, the Government was informed that Defendant Raymond A. Erker intends to assert an Advice of Counsel defense.

A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves willful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908). The elements are: (1) before taking action, the defendant in good faith sought the advice of an attorney whom he or she considered competent to give advice on the matter; (2) the defendant consulted the attorney for the purpose of securing advice on the lawfulness of possible future conduct; (3) there was a full and accurate report to the attorney of all material facts that the defendant knew; and (4) the defendant acted strictly in accordance with the advice of the attorney. Seventh Circuit Pattern Criminal Jury Instructions, 2020 Edition, Section 6.12. The instruction further provides that jurors "may consider the reasonableness of the advice provided by the attorney when determining whether the defendant acted in good faith."

"[I]f a criminal statute requires proof that the defendant knew he was violating the statute in order to be criminally liable for the violation, and it is unclear whether the criminal statute forbade his conduct, the fact that he was acting on the advice of counsel is relevant because it bears on whether he knew that he was violating the statute. *United States v. Sprong*, 287 F.3d 663, 664-65 (7th Cir. 2002). Put another way, if willfulness is not an element, advice of counsel or good faith is irrelevant. *United States v. Blagojevich*, 2015 WL 4433687 (7th Cir. Jul. 21, 2015). Here, the Indictment does not charge Erker with crimes that have willfulness as an element. All the charged crimes have knowingly as the required mental state. Accordingly, Erker is not entitled to assert advice of counsel.

6

Even if Erker could assert advice of counsel, he bears the burden of production. "[T]he defendant must come forward with a showing of facts that support the advice-of-counsel defense before the court should give the instruction." *Model Crim. Jury Instr. 8th Cir.* 9.09 comment (2104). To do so, Erker would have to waive his attorney-client privilege and provide any evidence of his advice to counsel defense, including, but not limited to purported opinion letters from counsel or non-attorneys, such as a compliance officer, to the United States under Federal Criminal Procedure Rule 16. Although the United States provided discovery and requested reciprocal discovery in this case, including, but not limited to: 10/2/20, 10/26/20, 7/21/21, and 9/10/21, the United States has not received any documents or items in response. If Defendant planned on offering expert testimony, then a summary of the expert's testimony would also have to be provided to the United States to allow the United States to review the evidence and, if necessary, retain an expert to rebut it under Fed. Crim. Pro. R. 16. To date, the United States had not been notified of or received any expert summaries. Since Erker has not met his burden of production, he is not entitled to assert advice of counsel.

**B.    The Court Should Permit the Government to Elicit Testimony of any Co-Defendant Witness Regarding their Plea Agreement.**

The Government intends to elicit testimony from any co-Defendant witness regarding their understanding of their own plea agreements. The Government is entitled to elicit from witnesses who have plead guilty the contents of their plea agreements for the purpose of allowing the jury to assess credibility. The Sixth Circuit has held that the government may elicit the contents of a plea agreement from a witness on direct examination in anticipation of potential cross-examination and in order to afford the jury a better opportunity to evaluate the witness's credibility. *See United States v. Townsend*, 796 F.2d 158, 162-63 (6th Cir. 1986); *United States v. Walker*, 871 F.2d 1298, 1303 (6th Cir. 1989). Such testimony is permissible so long as it is

not offered as substantive evidence of the defendant's guilt. *Townsend*, 796 F.2d at 162; *Walker*, 871 F.2d at 1303. The Government acknowledges that a plea agreement is not substantive evidence of guilt and that a limiting instruction concerning the use of such testimony would be appropriate, if requested by Erker.

      C.     **The Court Should Permit the Government to Introduce of Voluminous Records through Summary Charts**

The Government has obtained voluminous financial records during the investigation, including from financial institutions. To present relevant evidence contained within these voluminous records in an effective and efficient manner, the Government has prepared summary charts, which it anticipates presenting at trial. These summary charts are themselves admissible evidence under Federal Rule of Evidence 1006, and the Government would seek to admit them as substantive evidence, which the jury could reference during deliberations. Federal Rule of Evidence 1006 permits for such use of summary charts by providing that "contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." The use of summary materials has been approved by the Sixth Circuit. *See United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998).

The summary charts will accurately depict the evidence to be presented to the jury and will streamline the trial considerably by condensing the records into a summary charts. For each summary chart that the Government anticipates using at trial, the Government has complied with Rule 1006 by providing the underlying documents to Erker. Additionally, the Government will produce all such summary charts to Erker in advance of trial. If the Government presents these charts, the Government would propose including the Sixth Circuit Pattern Jury Instruction Section 7.12.

**IV. Legal Issues**

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615. The parties have agreed to not require foundational witnesses for financial records and the like, to eliminate the need for custodian witnesses to testify as to authentication and identification, while reserving the right to object to admissibility. The parties will finalize the agreement in a stipulation.

**V. Estimated Length of Trial**

The United States anticipates completing its case-in-chief in approximately three days.

**VI. Conclusion**

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

                    Respectfully submitted,

                    BRIDGET M. BRENNAN
                    United States Attorney

By: /s/ Brian McDonough
     Brian McDonough (OH: 0072954)
     Kathryn Andrachik (OH: 0093988)
     Assistant United States Attorneys
     Carl B. Stokes United States Court House
     801 West Superior Avenue, Suite 400
     Cleveland, Ohio 44113
     Tel.: (216) 622-3965/3804
     brian.mcdonough@usdoj.gov
     kathryn.andrachik@usdoj.gov