IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:20-cv-478 |
| Plaintiff[s], | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| RAYMOND ERKER, et al., | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendant Raymond Erker's Motion to Continue Trial (the "Motion"), which the Government opposes. ECF Docs. 57, 58. For the following reasons the Motion is **DENIED**, and the trial will commence as scheduled on March 1, 2022.

## BACKGROUND

On September 3, 2020, Erker was indicted on twelve counts relating to his alleged operation of a fraudulent investment scheme: one count of conspiracy to commit mail fraud and wire fraud; one count of mail fraud; three counts of wire fraud; five counts of money laundering; and one count of making a false statement under oath. ECF Doc. 1. Erker pleaded not guilty and was appointed counsel, Mr. Edwin Vargas, who has represented Erker throughout the proceedings. ECF CJA Appointment, Sept. 22, 2020; ECF Minutes, Sept. 22, 2020

Erker's trial is presently scheduled to commence on March 1, 2022. ECF Doc. 47. At arraignment, the Court had originally set trial for November 9, 2020, but the Court granted all four of Erker's continuance requests and did so to provide defense counsel with sufficient time to review discovery and prepare a defense. ECF Non-Document Order, Oct. 30, 2020; ECF Minutes, Sept. 22, 2020, Feb. 25, 2021, Apr. 27, 2021, and Aug. 24, 2021. Then, during a conference on November 23, 2021, the Court discussed the attorneys' availability and preparedness for trial, and

all counsel agreed to the March 1, 2022 trial date. ECF Minutes, Nov. 23, 2021. At that time, Erker had two co-defendants, Kevin Krantz and Tara Brunst. *See* ECF Doc. 1. Brunst has since pleaded guilty, but Krantz remains in the litigation and will be tried with Erker. *See* ECF Doc. 50.

During this period of continuances, the Government provided discovery to defense counsel on three dates: October 8, 2020, October 26, 2020, and September 10, 2021. ECF Doc. 58 at 3. The discovery consisted of 4,900 files with an index of the discovery contents. *Id.* During this same period, defense counsel never apprised the Court of any difficulty in obtaining discovery.

On February 7, 2022, three weeks before trial, Erker filed the instant Motion requesting an indefinite postponement of the March 1, 2022 trial date. ECF Doc. 57. The Motion states that defense counsel requires additional time to review: (1) the analysis, exhibits, and findings to prepare the defense; (2) the 3,000 pieces of privileged information relating to the "advice of counsel" defense; and (3) the "voluminous" records from the Westlake Police Department. *Id.* at 1. Defense counsel further asks for additional time to issue subpoenas for the twenty-nine missing bank accounts, as well as to prepare an unidentified potential defense witness. *Id.* at 1-2. The Motion does not explain why these tasks have not yet been completed, why these tasks cannot be completed over the next three weeks before trial commences, or why these tasks suddenly became necessary at this late date. *See generally id.* The Motion does assert that defense counsel cannot "in good conscience, move forward with a trial on the scheduled dates." *Id.* at 2.

The Government filed its opposition brief on February 7, 2022. ECF Doc. 58. Krantz has neither joined nor opposed the Motion. The Court has reviewed the filings and denies the Motion.

## ANALYSIS

The district courts are invested with "broad discretion" to handle continuance motions, and a defendant seeking a continuance must provide the district court with "compelling reasons" to

justify the many problems that arise when a trial is rescheduled. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). When confronted with a continuance motion, the district court must consider the facts and circumstances of the particular case, such as: the length of delay, previous continuances, inconvenience to litigants, witnesses, counsel and the court, whether the delay is purposeful or is caused by the accused, the complexity of the case, and whether denying the continuance will lead to identifiable prejudice. *Unites States v. McClendon*, 146 F. App'x 23, 26-27 (6th Cir. 2005) (citing *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985)).

Considering the facts and circumstances of the instant case, the Court concludes that Erker has not provided compelling reasons to justify an indefinite postponement of a trial that is scheduled to start in three weeks. As an initial matter, both Erker and his defense counsel approved of the March 1, 2022 trial date during the November 23, 2021 conference, and defense counsel represented that he would be ready for trial. Because the Court granted four continuances, defense counsel has had sixteen months to review discovery and prepare a defense. This is ample preparation time for even a complex case, and discovery should have been completed long ago.

The Motion seeks the continuance to allow defense counsel to complete a list of outstanding discovery tasks, but the Motion fails to explain: (1) why these tasks are still incomplete sixteen months after arraignment and five months after the Government's final discovery production; (2) whether these tasks can be completed in the next three weeks; (3) how much longer defense counsel needs to complete these tasks; or (4) what prejudice Erker will suffer if the trial proceeds without this discovery. Thus, the Court is confronted with a request for indefinite continuance, but the Motion has provided none of the information necessary to assess the appropriateness of any additional delay. The burden is on Erker to provide compelling reasons for the continuance, and the lack of such information strongly suggests the Motion is a delay tactic.

What is clear, however, is the serious inconvenience that Erker's requested continuance will cause to everyone else involved in this litigation. The Court blocked out two weeks of its tightly packed schedule to conduct this trial, and it is unclear when the Court could do so again. Moreover, the Court, the Government attorneys, the witnesses, Krantz, and Krantz's counsel have all invested significant resources of over the last two and half months to prepare for trial as scheduled, and these resources will be wasted if the Court is unable to reschedule the trial in the foreseeable future. Likewise, the Court agrees with the Government's position that the requested delay implicates the Crime Victims' Right Act because the victims of Erker's alleged fraud have a "right to proceedings free from unreasonable delay." ECF Doc. 58 at 5-6 (quoting 18 U.S.C. §§ 3771(a)(7)). These victims have understood that this trial will commence in three weeks and subjecting them to another delay will disrupt their lives. *Id.* Given that the Motion fails to provide any adequate explanation for the continuance, the above-described inconvenience establishes that the trial should proceed as scheduled.

In sum, Erker's request for an eve-of-trial continuance is unreasonable. The Motion does not provide the Court with compelling reasons to justify the delay, and the Court refuses to reschedule the trial in absence of such justification. The trial will proceed on March 1, 2022.

## CONCLUSION

For the above reasons, Defendant Raymond Erker's Motion to Continue Trial (ECF Doc. 57) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster February 8, 2022*
**Dan Aaron Polster**
**United States District Judge**