# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 20-cr-478 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| | ) **OPINION & ORDER** |
| RAYMOND A. ERKER, | ) |
| | ) |
| Defendant. | ) |

Before the Court are Defendant Raymond A. Erker's combined *pro se* post-trial motions: Motion to Discharge Attorney, Motion for New Counsel, Motion for Acquittal, Motion for a New Trial, and Motion for Post-Conviction Remedy (collectively, the "Motions"). ECF Doc. 76. For the following reasons, each of the Motions is **DENIED without prejudice**.

## BACKGROUND

On September 3, 2020, Erker was indicted on twelve federal fraud charges for using his financial planning business to operate a Ponzi scheme and defrauding investors from their life savings. ECF Doc. 1. The indictment charged: one count of conspiracy to commit mail fraud and wire fraud; one count of mail fraud; three counts of wire fraud; five counts of money laundering; and one count of making a false statement under oath. *Id.* Erker pleaded not guilty and was appointed counsel, Mr. Edwin Vargas. ECF CJA Appointment, Sept. 22, 2020.

After a four-day trial and several days of deliberation, a jury convicted Erker on all twelve counts in the indictment on March 9, 2022. ECF Doc. 73. Sentencing has been set for July 7, 2022, and Erker remains out on bond pending his sentence and final judgment of conviction. ECF Minutes, Mar. 8, 2022. Mr. Vargas represented Erker throughout the trial and is scheduled to appear on Erker's behalf at sentencing.

Erker has now filed the instant *pro se* Motions to challenge the verdict, request a new trial, seek post-conviction relief, and request new counsel for his sentencing. ECF Doc. 76. The Court has received the Motions but declines to adjudicate their merits for following reasons.

## ANALYSIS

While every criminal defendant has both a constitutional right to legal counsel and a corollary right to self-representation under certain circumstances, a criminal defendant does ***not*** have a right to hybrid representation—that is, a criminal defendant is not entitled both to legal counsel and to self-representation during the criminal proceedings. *United States v. Green*, 388 F.3d 918, 922 (6th Cir. 2004); *accord* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally ***or*** by counsel[.]" (emphasis added)). "Once a defendant has counsel, that counsel speaks for the defendant in all proceedings, absent some unusual circumstance." *United States v. Davis*, 373 F. Supp. 2d 788, 789 (E.D. Tenn. 2005).

Thus, a district court has discretion to reject a represented defendant's *pro se* motions without considering the merits because such filings amount to hybrid representation. *See United States v. Mosley*, 810 F.2d 93, 97-98 (6th Cir. 1987) (concluding that the decision to allow hybrid representation is within the district court's discretion); *see also United States v. Luke*, 6:15-cr-0010, 2018 WL 5818350, at *3 (E.D. Ky. Nov. 18, 2018) (denying a represented defendant's *pro se* motion without a merits review); *United States v. Hills*, No. 12-12254, 2014 WL 1400815, *2 (E.D. Mich. Apr. 9, 2014) (striking a represented defendant's *pro se* motions from the docket and refusing to allow any future *pro se* filings); *United States v. Cottrell*, 1:05-10087, 2006 WL 278562, *1 (W.D. Tenn. Feb. 2, 2006) (denying *pro se* motions by a represented defendant without consideration of the merits).

Accordingly, the Court refuses to entertain the Motions because Erker filed them *pro se* while still represented by counsel. There can be little doubt that Mr. Vargas, a trained and experienced trial attorney, is better equipped to file motions on Erker's behalf than Erker can file on his own. Indeed, the Motions demonstrate why hybrid representation is disfavored: Erker has not provided any legal support for the Motions and instead has merely copy-and-pasted various ethical rules, ethics commentary, and practice guides without analysis. Moreover, at the least two of the Motions are clearly faulty, given that Mr. Vargas moved for a judgment of acquittal during trial and that a motion for post-conviction relief is premature before sentencing. *See United States v. Ealy*, 3:13-cr-175, 2015 WL 5004893, *4 (S.D. Ohio Aug. 24, 2015). Thus, Erker's attempt at hybrid representation is inappropriate, and the Court declines to consider the merits of his claims.

That said, the Court will deny the Motions without prejudice so that Mr. Vargas may refile any motions he deems necessary and appropriate in his professional judgment. This includes Erker's request for replacement counsel. While the Court finds it highly unlikely that a new attorney would be any better suited to handle Erker's sentencing than Mr. Vargas will be, the Court recognizes that an attorney-client relationship may break down after a criminal conviction. Therefore, if Mr. Vargas concurs with Erker's assessment of their relationship, he may file a Motion to Withdraw as Counsel in accordance with the common practice when an attorney-client relationship is irreparably harmed. *See, e.g.*, *United States v. Sankey*, 3:07-cr-83, 2016 WL 154843, *1 (E.D. Tenn. Jan. 11, 2016).

## CONCLUSION

For the above reasons, Erker's Motion to Discharge Attorney, Motion for New Counsel, Motion for Acquittal, Motion for a New Trial, and Motion for Post-Conviction Remedy (ECF Doc.

76) are **<u>DENIED without prejudice</u>**. Mr. Vargas may refile any motion that he deems to be meritorious in his professional judgment.

  **IT IS SO ORDERED.**

              *<u>/s/ Dan Aaron Polster</u>* **March 21, 2022**
              **Dan Aaron Polster**
              **United States District Judge**