IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:20CR478 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) |
| RAYMOND A. ERKER, | ) UNITED STATES' RESPONSE IN |
| | ) OPPOSITION TO DEFENDANT |
| Defendant. | ) RAYMOND A. ERKER'S MOTION TO |
| | ) CONTINUING SENTENCING |

Now comes the United States of America, by its counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Brian M. McDonough and Kathryn G. Andrachik, Assistant United States Attorneys, and respectfully requests this Court to deny Defendant Raymond A. Erker request to continuing the August 2, 2022 sentencing for an indefinite length of time to allow for defense counsel to have additional time to review documents to prepare for sentencing.  Defense counsel was appointed on this case four months ago.  The sentencing was previously scheduled for July 7, 2022 and was rescheduled to August 2, 2022. Lastly, under the Crime Victims' Rights Act, Title 18 U.S.C. § 3771, *et seq*., victims have the right to proceedings that are free from unreasonable delay, such as the indefinite continuance requested by Defendant Erker here, which would be the third sentencing date in this case and as detailed in the attached Memorandum.

                                              Respectfully submitted,

                                              MICHELLE M. BAEPPLER
                                              First Assistant United States Attorney

By:   /s/ Brian M. McDonough
       Brian M. McDonough (OH: 0072954)
       Kathryn G. Andrachik (OH: 0093998)
       Assistant United States Attorneys

United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965/3804
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov
Kathryn.Andrachik@usdoj.gov

# MEMORANDUM

## I. SUMMARY OF THE CASE

On September 3, 2022, a federal grand jury returned an indictment that charged Defendant Raymond A. Erker and co-defendants Tara M. Brunst and Kevin M. Krantz as follows:

| Count | Charged Offense | Statute(s) | Defendant(s) |
|---|---|---|---|
| 1 | Conspiracy to Commit Mail Fraud and Wire Fraud | 18 U.S.C. § 1349 | Erker, Krantz and Brunst |
| 2 | Mail Fraud | 18 U.S.C. § 1341 and 2 | Erker, Krantz and Brunst |
| 3-5 | Wire Fraud | 18 U.S.C. § 1343 and 2 | Erker, Krantz and Brunst |
| 6-11 | Money Laundering | 18 U.S.C. § 1957 | Erker |
| 12 | False Statement Under Oath | 18 U.S.C. § 152(2) | Erker |

*See* Indictment, Doc. No. 1.

Co-defendants Brunst entered a guilty plea to the Indictment with a plea agreement. *See* Plea Agreement, Doc. No. 50. Co-defendant Krantz entered a guilty plea to Count 1 of the Indictment with a plea agreement. *See* Plea Agreement, Doc. No. 81.

Defendant Erker proceeded with a jury trial that began on March 1, 2022 and ended on March 9, 2022, with the jury convicting him on all counts. (Minutes of Proceedings, March 9, 2022). The Court scheduled sentencing for July 7, 2022, (<u>Id</u>.) On March 21, 2022, Defendant

Erker's defense counsel, Edwin Vargas, filed a motion to withdraw as counsel (Doc. No. 78) citing multiple reasons: Defendant Erker had filed a pro se motion to discharge Vargas (Doc. No. 76); all communication had ceased between them; and Attorney Vargas had a direct and non-waivable conflict with Defendant Erker that prevented Attorney Vargas from representing Defendant Erker within the bounds of Ohio Rule of Professional Conduct 1.7. *See* Motion to Withdraw as Counsel, Doc. No. 78.  The Court granted Attorney Vargas' motion, and on March 28, 2022, appointed Bret Jordan as defense counsel for Erker. *See* CJA 20 Appointment of Attorney Bret Jordan for Raymond A. Erker, March 28, 2022.

On May 19, 2022, due to a scheduling conflict the Court rescheduled Erker's sentencing from July 7, 2022 to August 2, 2022.

On July 19, 2022, the Final PSR was completed. *See* Final PSR, Doc No. 105.

On July 26, 2022, Erker filed a motion to continue the sentencing scheduled on August 2, 2022, because "Defense counsel needs additional time to review all of the documents prior to the sentencing hearing." *See* Motion to Continue Sentencing, Doc No. 107.

II.   ARGUMENT

The United States respectfully requests that the Court consider the following factors before continuing the sentencing to a third date, the previous dates being July 7, and August 2, 2022.

A.   **Crime Victims' Rights**

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. Section 3771, *et. seq.*, was implemented to protect victims of federal criminal offenses and to guarantee them access to the criminal justice process. *See United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007); *see also Kenna v. United States Dist. Court*, 435 F.3d 1011, 1016 (9th Cir. 2006). Among the rights

Case: 1:20-cr-00478-DAP Doc #: 108 Filed: 07/27/22 4 of 6. PageID #: 1062

afforded crime victims[1] under the CVRA are "the right to proceedings free from unreasonable delay," and "the right to be treated with fairness and with respect for the victims['] dignity and privacy." See 18 U.S.C. §§ 3771(a)(7) and (a)(8); see also *United States v. Abrams*, No. 3:14-CR-0069-RCJ-WGC, 2016 WL 107945, at *1 (D. Nev. Jan. 8, 2016) (denying a defendant's motion for a 60-day continuance in part due to victim's right to proceedings free from unreasonable delay).

The legislative history of the CVRA strongly suggests that Congress's principal concern in including these rights was to provide victims with a means of due process. These provisions were intended to direct the executive and judicial branches to respect the legitimate interests of crime victims by ensuring they are not held hostage by protracted criminal proceedings. As to the right to proceedings free from unreasonable delay, Senator Feinstein expressed Congress's concern over the negative impact of lengthy continuances on crime victims:

> This provision ["§ 3771(a)(7)] does not curtail the Government's need for reasonable time to organize and prosecute its case. Nor is the provision intended to infringe on the defendant's due process right to prepare a defense. Too often, however, delays in criminal proceedings occur for the mere convenience of the parties and those delays reach beyond the time needed for defendant's due process or the Government's need to prepare. The result of such delays is that victims cannot begin to put the crime behind them and they continue to be victimized. It is not right to hold crime victims under the stress and pressure of future court proceedings merely because it is convenient for the parties or the court. This provision should be interpreted so that any decision to continue a criminal case should include reasonable consideration of the rights under this section.

---

[1] CVRA defines the term "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e).

4

*See Statement of Senator Diane Feinstein*, Congressional Record -- Senate, S4269, April 22, 2004. Similarly, Senator Kyl, one of the primary sponsors of the CVRA, expressed Congress's intent behind the right to proceedings free from unreasonable delay as follows:

> This provision [§ 3771(a)(7)] should be interpreted so that any decision to schedule, reschedule or continue criminal cases should include victim input through the victim's assertion of the right to be free from unreasonable delay.
>
> * * *
>
> A central reason for these rights is to force a change in the criminal justice culture which has failed to focus on the legitimate interests of crime victims, a new focus on limiting unreasonable delays in the criminal process to accommodate the victim is a positive start.

*See Statement of Senator Jon Kyl*, Congressional Record -- Senate, S10911, October 9, 2004

As to a crime victim's right to fairness under § 3771(a)(8), Senator Kyl stated:

> The broad rights articulated in this section are meant to be rights themselves and are not intended to just be aspirational. One of these rights is the right to be treated with fairness. Of course, fairness includes the notion of due process. Too often victims of crime experience a secondary victimization at the hands of the criminal justice system.

*See Statement of Senator Jon Kyl*, Congressional Record -- Senate, S4269, April 22, 2004.

In this case, Defendant Erker operated a Ponzi scheme that resulted in elderly victim investors suffering devastating financial harm with losses totaling $9,078,425.50.  Some victims have filed civil lawsuits against Erker, obtained judgments against him, and sought to enforce the judgements through collection efforts.  Some victims have passed away during the pendency of the proceedings. Nevertheless, the uncertainty of when Erker will be sentenced by the Court weighs heavily on the 54 victims, and will continue to weigh on them until this Court sentences Erker. Another continuance and the resulting delay will continue to disrupt the lives of those who

wish to address the Court to give a Victim Impact Statement to describe the negative impact of Defendant Erker's crimes on the victims, in violation of the CVRA.

### III. CONCLUSION

An indefinite continuance or another continuance will impede the victims' rights to proceedings free from unreasonable delay, 18 U.S.C. § 3771(a)(7), and to fairness, 18 U.S.C.§ 3771(a)(8). The United States is cognizant of the heavy caseload that this Court carries, the heavy trial docket that this Court has for 2022, and the resulting backlog from the pandemic. Given the conflicting demands of the calendar congestion and the victims' rights, the United States respectfully requests this Court to deny Erker's request for an indefinite continuance and proceed with sentencing on August 2, 2022.